IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Thomas F. True,<br><br>                    Plaintiff,<br><br>v.<br><br>Martin Seppala, Nancy Seppala, and<br>Joshua Seppala,<br><br>                    Defendants. | Civil Action No. 2:13-cv-2228-DCN-WWD<br><br>**REPORT AND RECOMMENDATION<br>OF MAGISTRATE JUDGE** |

The Plaintiff, who is proceeding *pro se*, filed the instant action on or about August 16, 2013. (See Dkt. No. 1.) After Plaintiff paid the filing fee, the Honorable Bruce Howe Hendricks issued an Order authorizing service of process. (See Dkt. No. 13; see also Dkt. No. 9.) That Order stated, *inter alia*,

> ***Plaintiff is responsible for service of process under Rule 4 of the Federal Rules of Civil Procedure and must send a copy of the Complaint and a summons to each Defendant.***
>
> Plaintiff's attention is directed to Rule 4(m) of the Federal Rules of Civil Procedure, which provides that "[i]f a defendant is not served within 120 days after the complaint it filed, the court-on motion or on its own after notice to the plaintiff-must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."
>
> The time for service in this case does not run during the initial review of this case; therefore, Plaintiff has 120 days from the date on which the summons(es) are issued to serve Defendant(s) in compliance with Rule 4. **Under Rule 4(m), unless a Defendant is served within 120 days after the summonses are issued as directed by this Order, that particular unserved Defendant may be dismissed without prejudice from this case.**

(Dkt. No. 13 at 2 (footnote omitted).)

On March 11, 2014, Judge Hendricks issued an Order that stated, *inter alia*,

> In the instant case, the summons was issued on October 22, 2013, and more than 120 days have passed since that date. Defendants have not filed an

> answer, and there is no indication on the docket that Defendants have been served.
>
> It is therefore ORDERED that Plaintiff shall file proof of service upon Defendants on or before **April 10, 2014**. If Plaintiff fails to do so, the instant action may be dismissed without prejudice pursuant to Rule 4(m). AND IT IS SO ORDERED.

(Dkt. No. 16 at 2.) Although Plaintiff filed Proof of Service on or about April 2, 2014, shortly thereafter, he subsequently filed a Motion to Strike and a Motion for Extension of Time. (Dkt. No. 21.) On April 17, 2014, Judge Hendricks issued the following text order:

> TEXT ORDER granting 21 Motion to Strike, Motion for Extension of Time. In Plaintiff's 21 Motion, Plaintiff states that his previously filed proof of service (Dkt. No. 18) is "null and void" because "that service is ineffective under South Carolina law." (Dkt. No. 21 at 3 of 4.) Plaintiff also seeks an extension of time within which to properly serve Defendants. (See Dkt. No. 18 at 3 of 4.) Based on Plaintiff's representations that service was improper, Plaintiff's Motion to Strike is granted. In addition, Plaintiff's Motion for an Extension of Time is granted; the time for Plaintiff to comply with the undersigned's order dated March 11, 2014 (Dtk. No. 16) is hereby extended to 5/19/2014. AND IT IS SO ORDERED.

(Dkt. No. 22.)

Although the summons as to Martin Seppala and Nancy Seppala has been returned executed, Plaintiff has not filed Proof of Service as to Defendant Joshua Seppala. (See Dkt. No. 28; Dkt. No. 29.) Rule 4(m) of the Federal Rules of Civil Procedure provides, in relevant part,

> **(m) Time Limit for Service.** If a defendant is not served within 120 days after the complaint is filed, the court--on motion or on its own after notice to the plaintiff--must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period. . . .

FED. R. CIV. P. 4(m). In the instant case, the Complaint was filed in August of 2013. (See Dkt. No. 1.) The 120-day period in Rule 4(m) has long passed, and Plaintiff was given an extension of time to serve Defendants. (See Dkt. No. 14; Dkt. No. 22.) Plaintiff has not,

2

however, filed Proof of Service as to Defendant Joshua Seppala. In light of the foregoing, the undersigned RECOMMENDS that Defendant Joshua Seppala be dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

IT IS SO RECOMMENDED.

*[signature]*
WALLACE W. DIXON
UNITED STATES MAGISTRATE JUDGE

August  15 , 2014
Charleston, South Carolina

**The parties' attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).