IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Thomas F. True, | ) C.A. No.: 2:13-cv-2228-DCN-MGB |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) **OF MAGISTRATE JUDGE** |
| Martin Seppala and Nancy Seppala, | ) |
| | ) |
| Defendants. | ) |

The Plaintiff brought the instant action on or about August 16, 2013. (Dkt. No. 1.) On November 10, 2014, Defendants filed a Motion for Summary Judgment. (Dkt. No. 59.) By Order of this court filed November 10, 2014, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the summary judgment procedure and the possible consequences if he failed to respond adequately. (Dkt. No. 60.) Despite the explanation in the Roseboro Order, the Plaintiff did not respond.

As the Plaintiff is proceeding *pro se*, the court filed an Order on January 22, 2015, giving the Plaintiff through February 11, 2015, to file his response to the Motion for Summary Judgment. (Dkt. No. 70.) The Plaintiff was specifically advised that if he failed to respond, this action would be dismissed with prejudice for failure to prosecute. (See Dkt. No. 70.) Plaintiff sought–and obtained–an extension of time to respond, such that his response was due March 20, 2015. (See Dkt. No. 78; Dkt. No. 76.) The Plaintiff did not respond.[1]

Based on the foregoing, it appears the Plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in Chandler Leasing Corp. v.

---

[1] Defendants have now also filed a Motion to Dismiss for Lack of Prosecution. (Dkt. No. 83.)

Lopez, 669 F.2d 919, 920 (4th Cir.1982). See Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989).

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

March 27, 2015
Charleston, South Carolina

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).