# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# CHARLESTON DIVISION

| | |
|---|---|
| THOMAS F. TRUE, ) | C/A No. 2:13-CV-2228-DCN-MGB |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | REPORT AND RECOMMENDATION |
| ) | OF THE MAGISTRATE JUDGE |
| ) | |
| MARTIN SEPPALA, NANCY SEPPALA ) | |
| ) | |
| DEFENDANTS. ) | |
| ) | |

This is a civil action filed by a *pro se* litigant. Under Local Civil Rule 73.02(B)(2) of the United States District Court for the District of South Carolina, pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge. Before the court are the Defendants' Motion for Summary Judgment (Dkt. No. 59.), the Defendants' Motion to Compel (Dkt. No. 67.), the Defendants' Motion to Dismiss with Prejudice (Dkt. No. 83.), and a letter filed by the Plaintiff seeking to have his case dismissed without prejudice. (Dkt. No. 94.)

The Plaintiff is an inmate in the Federal Correctional Institution located in Fort Dix, New Jersey. He filed his verified Complaint commencing this action on or about August 16, 2013. (Dkt. No. 1.) The sole claim brought by the Plaintiff is for breach of contract under South Carolina state law. (Id.) The case is before this court under its diversity jurisdiction.

The Defendants timely filed their Motion for Summary Judgment on November 10, 2014. (Dkt. No. 59.) The same day, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the Plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. (Dkt. No. 60.) On January 22, 2015, this court issued an order directing the Plaintiff to respond to the Defendant's Motion for Summary Judgment on or before February 11, 2015, or the court would consider this action abandoned. (Dkt. No. 70.)

1

The January 22, 2014 Order was mailed to the Plaintiff and was returned undeliverable. (Dkt. No. 74.) The Plaintiff filed a motion requesting more time to respond to the Defendants' Motion for Summary Judgment on February 11, 2015. (Dkt. No. 76.) The court granted the Plaintiff's motion on February 18, 2015 and allowed the Plaintiff until March 20, 2015 to respond. (Dkt. No. 78.) The Plaintiff did not respond. On March 27, 2015, the Defendants filed a motion seeking to have this action dismissed for lack of prosecution. (Dkt. No. 83.) The undersigned issued a Report and Recommendation the same day recommending the Defendant's Motion to Dismiss be granted. (Dkt. No. 84.) On April 14, 2015, the Plaintiff filed an objection to the Report and Recommendation stating he had attempted to request another extension in the time to respond to the motion for summary judgment, but it had been returned to him by the mail. (Dkt. No. 88) The District Court reversed this court's Report and Recommendation and allowed the Plaintiff until May 15, 2015 to respond to the motion for summary judgment. (Dkt. No. 89.) On May 21, 2015, the Clerk of Court docketed a letter written by the Plaintiff requesting his case be dismissed without prejudice. (Dkt. No. 94.) The letter was mailed by the Plaintiff on May 11, 2015. (Id.) The Defendants responded to the Plaintiff's letter requesting dismissal with prejudice. (Dkt. No. 95.)

## ALLEGED FACTS[1]

On June 25, 2008, the Plaintiff and Defendants entered into a contract to settle debt owed by the Defendants to the Plaintiff. (Dkt. No. 1.) The contract required three different payments to be made by the Defendants to various entities related to the Plaintiff. All three of these payments were to be made by August 26, 2008. (Id.) The agreement contained a hand-written

---

[1] In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990). Therefore these alleged facts are construed in a light most favorable to the Plaintiff.

paragraph that stated "[t]his agreement is completely and expressly contingent upon MHJW III Inc./MHI Inc., obtaining funding from Blue Ocean Financial Group…." (Dkt. Nos. 1-1 at 3 of 7; 59-2; 59-3.) If the payments were not made by August 26, 2008, the entire amount of the payments would be due, and the Plaintiff could seek a confession of judgment. The Plaintiff alleges the Defendants have not made any payments as required by the agreement since June 25, 2008. The Plaintiff is seeking $4,670,723.10 in damages resulting from the Defendants' breach of the agreement.

## ANALYSIS

### 1. Defendants' Motion for Summary Judgment[2]

This court recommends the Defendants' Motion for Summary Judgment be granted because the Plaintiff's claims are barred by the statute of limitations. Pursuant to Rule 56 of the Federal Rules of Civil Procedure, summary judgment "shall" be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "Facts are 'material' when they might affect the outcome of the case, and a 'genuine issue' exists when the evidence would allow a reasonable jury to return a verdict for the nonmoving party." The News & Observer Publ'g Co. v. Raleigh-Durham Airport Auth., 597 F.3d 570, 576 (4th Cir. 2010) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). In ruling on a motion for summary judgment, "'the nonmoving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor.'" Id. (quoting Hunt v. Cromartie, 526 U.S. 541, 552 (1999)); see also Perini Corp. v. Perini Constr., Inc., 915 F.2d 121, 123-24 (4th Cir. 1990).

---

[2] The Plaintiff has not filed anything substantively responding to the Defendant's Motion for Summary Judgment. The Plaintiff's request to dismiss his case without prejudice is based in the Plaintiff being "unable to comply" with the District Court's Order to respond the Defendants' motion by May 15, 2015. (Dkt. No. 94.)

In South Carolina, a claim for breach of contract is subject to a three year statute of limitations. S.C. Code Ann. §15-3-530(1); See also Anonymous Taxpayer v. S.C. Dep't of Revenue, 377 S.C. 425, 438, 661 S.E.2d 73 (2008). The statute of limitations begins to run "on the date the cause of action accrues, and a breach of contract action usually accrues at the time a contract is breached or broken." State v. McClinton, 369 S.C. 167, 173, 631 S.E.2d 895 (2006) (citing Richland-Lexington Airport Dist. v. Am. Airlines, Inc., 306 F. Supp. 2d 548, 566 (D.S.C. 2002) aff'd, 61 F. App'x 67 (4th Cir. 2003)).

The Plaintiff alleged in his Complaint that under the contract, sums of $500,000 and $2,000,000 were to be paid to the Plaintiff "on or before August 26, 2008." (Dkt. No. 1 at ¶¶4-5.) Additionally, the Defendants were to pay off a mortgage in the amount of $678,816.00 "on or before August 26, 2008," under the contract. (Dkt. No. 1 at ¶6.) The Plaintiff then reiterated that a total of $3,178,816.00 was to be paid to the Plaintiff under the contract by August 26, 2008 or the Plaintiff would have a right to file a confession of judgment. (Dkt. No. 1 at ¶7.) The Plaintiff alleged that the breach in the contract occurred when he was not paid $3,178,816.00 "prior to August 26, 2008." (Dkt. No. 1 at ¶9.)

The statute of limitations in a breach of contract claim ordinarily begins to run on the date that the breach occurred. McClinton, 369 S.C. at 173. The Plaintiff's verified Complaint provides ample and patent evidence that August 26, 2008, was the date of the alleged breach of contract. Nothing in the record indicates that the Plaintiff would not have immediately known he did not receive the $3,178,816.00 at the time he alleges the contract was breached. This action was not filed until August 9, 2013.[3] This date is 17 days short of being 5 years after the alleged breach of contract and almost two years past the expiration of the statute of

---

[3]The Clerk of Court did not file this action until August 16, 2013. The Plaintiff's cover letter filed with his Complaint is dated August 9, 2013. (Dkt. No. 1-2 at 3 of 3.)

4

limitations. Therefore, this court finds that the Plaintiff's claim for breach of contract is barred by the statute of limitations and recommends the Defendants' Motion for Summary Judgment be granted as a matter of law.[4]

### 2. Plaintiff's Request to Dismiss this Case without Prejudice

This court recommends that the Plaintiff's request to dismiss this case without prejudice be denied under Rule 41(a)(2) because this court finds that dismissal without prejudice is not proper. FED. R. CIV. 41(a)(2). "As a general rule, a plaintiff's motion for voluntary dismissal without prejudice under Rule 41(a)(2) should not be denied absent plain legal prejudice to the defendant." Gross v. Spies, 133 F.3d 914, 1998 WL 8006 *5 (4th Cir. 1998)[5] (citing Ohlander v. Larson, 114 F.3d 1531, 1537 (10th Cir.1997); Phillips v. Illinois Cent. Gulf R.R., 874 F.2d 984, 986 (5th Cir.1989); Andes v. Versant Corp., 788 F.2d 1033, 1036 (4th Cir.1986); McCants v. Ford Motor Co., Inc., 781 F.2d 855, 856-57 (11th Cir.1986)). While not an exclusive list, the district court should consider the following factors when ruling on a Plaintiff's motion to dismiss without prejudice: "(1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for a dismissal; and (4) the present stage of the litigation, *i.e.,* whether a motion for summary judgment is pending." Id. Other courts have considered the "duplicative expenses involved in a likely second suit." Gonzales v. City of Topeka Kansas, 206 F.R.D. 280, 282 (D. Kan. 2001) (internal quotations omitted). "The mere prospect of a second lawsuit is not sufficient prejudice to justify denying a motion for voluntary dismissal." Gross, 1998 WL 8006 at *5 (citations omitted). "Similarly, the possibility that the plaintiff will gain a tactical

---

[4] Given this court's finding that the Plaintiff's case is barred by the statute of limitations, it does not reach the Defendants' additional arguments.

[5] This case is an unpublished opinion. The case is referenced in a "Table of Decisions Without Reported Opinions" appearing in the Federal Reporter. As this case is simply listed in the Federal Reporter, pinpoint citations to it are unavailable.

advantage over the defendant in future litigation will not serve to bar a second suit." Id. (internal quotations omitted.)

In the case at bar, the Gross factors to determine legal prejudice weigh in favor of the Defendants. The Plaintiff has filed his request to dismiss without prejudice while there is a motion for summary judgment and a motion to dismiss pending against him. The Plaintiff has already received multiple extensions to respond to the motion for summary judgment and still has not responded in a substantive way. The Plaintiff's explanation for why he seeks dismissal is because he was moved to a new location by the Bureau of Prisons, and he has not yet received all of his legal paperwork. (Dkt. No. 94.) The Plaintiff does not articulate what that paperwork is and why it is necessary to respond the Defendant's Motion for Summary Judgment after he has been granted multiple extensions. If a second suit were to be filed upon the dismissal as the Plaintiff seeks, the expenses of the second suit would be entirely duplicative of this lawsuit.

The circumstances in Gross are substantially similar to the case at bar, but are factually and legally distinguishable to support this court's recommendation that the Plaintiff's request to dismiss his case be denied. In Gross, the defendants filed a motion to dismiss arguing the plaintiff's Virginia state law claims were barred by the statute of limitations. Gross, 1998 WL 8006 at *6. The district court granted the plaintiff's motion to dismiss the complaint under rule 41 while the defendant's motion to dismiss was under advisement. Whether the loss of a valid statute of limitations defense amounts to legal prejudice is a matter of first impression in the Fourth Circuit and other circuits are divided. Id. The Gross Court did not rule on the defendants' argument that they would lose their statute of limitations defense because the district court conditioned the plaintiff's dismissal on allowing the defendants to raise the statute of limitations defense in any subsequent action. Id.

In the case at bar, this court recommends that the Defendant's Motion for Summary Judgment be granted because the claim is beyond the statute of limitations and the Plaintiff's request to dismiss his suit be denied because this case is distinguishable from Gross. In Gross the defendants' motion was to dismiss. The case at bar has progressed to summary judgment with discovery being completed,[6] and the deadline for filing dispositive motions has passed. Gross was a complex case involving tens of parties where the "the Commissioner of Insurance of the State Corporation Commission of the Commonwealth of Virginia…, acting as Deputy Receiver of a group of insurance companies under an order of receivership, [sued] numerous individuals and entities who allegedly engaged in illegal and improper conduct that resulted in the insolvency and hazardous financial condition of the companies." Gross, 1998 WL 8006 at *1. A parallel class action lawsuit was ongoing in Texas at the same time as the Virginia federal case. The case at bar is relatively simple with plaintiff, two defendants, and only one claim. In Gross the Fourth Circuit found "no evidence suggesting that the [the plaintiff] was not diligent in pursuing his claims." Id. at 7. The Plaintiff in the case at bar has requested and received multiple extension to respond to the Defendants' motions as well as Defendants' discovery requests and has still not substantively responded to the motion for summary judgment.

Denying the Plaintiff's request to dismiss his case serves the interest of judicial economy. The Defendants' statute of limitations defense contained in their Motion for Summary Judgment is well founded and clear. The Plaintiff's claim is well outside the time allowed by the statute of limitations. The Plaintiff's request to dismiss his case was filed to avoid responding to the Defendant's motions because he states he was "unable to comply" with the date mandated by the

---

[6] Discovery appears to be complete in this case with the exception of Defendant's Motion to Compel seeking to compel the Plaintiff to respond to the Defendant's Interrogatories, Requests for Production and Requests for Admission. (Dkt. No. 67). The Plaintiff had already received extensions to comply with these discovery requests, but apparently has yet to comply.

District Court to respond to the Defendants' motion. (Dkt. No. 94.) If the Plaintiff's motion was granted and he refiled this lawsuit in the future, there are no indications it would turn out any differently for the Plaintiff. The Defendants would have to spend time and expense responding to the same claim and filing the same motions to litigate against his claim. The Plaintiff's claim will not get better with age. In a subsequent lawsuit, the Plaintiff's claim would be even further outside the statute of limitations to the point of being frivolous. See Pearson v. Warden of Allendale Corr. Institutional Facility, No. 4:11-CV-00952-RBH-TER, 2011 WL 2728434, at *3 (D.S.C. June 22, 2011), report and recommendation adopted, No. 4:11-CV-00952-RBH, 2011 WL 2731468 n.3. (D.S.C. July 12, 2011); Barley v. Cook, No. 2:05-CV-17, 2005 WL 3845105, at *1 (E.D. Va. Jan. 20, 2005) aff'd, 131 F. App'x 966 (4th Cir. 2005). A second lawsuit will consume the parties' time and the court's time with virtually no possibility of a different outcome.

### 3. Remaining Motions

If the District Court accepts this court's recommendation that the Defendant's Motion for Summary Judgment be granted, this court recommends the Defendant's Motion to Compel (Dkt. No. 67) and the Defendant's Motion to Dismiss with Prejudice (Dkt. No. 83) be dismissed because they are moot.

### CONCLUSION

Wherefore, it is RECOMMENDED that Defendants' Motion for Summary Judgment (Dkt. No. 59) be GRANTED, the Plaintiff's Motion to Dismiss without Prejudice (Dkt. No. 94) be DENIED, and the Defendant's remaining motions (Dkt. Nos. 67 and 83) be dismissed as moot.

IT IS SO RECOMMENDED.

Signature Page Attached.

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

June 22, 2015

Charleston, South Carolina

9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).